**Keith Bryant WEBB, Appellant**

**v.**

**DESAN, Warden;[1] Motley, Warden.**

**No. 06–4795.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) Oct. 9, 2007.

Filed: Oct. 11, 2007.

Keith Bryant Webb, Lewisburg, PA, pro se.

Susan D. Bricklin, Office of United States Attorney, Philadelphia, PA, for Appellees.

---

1. The Warden's name is incorrectly spelled. It should be Warden DeRosa. We will refer to the defendant by his proper name.

Before RENDELL, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Keith Bryant Webb, a federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his *Bivens* complaint.[2]

Webb filed a complaint, which was amended and supplemented, alleging that in March 2004, he was housed in the Special Housing Unit (SHU) at F.C.I. Fort Dix, New Jersey, because he was experiencing psychological problems for which he was prescribed medication by the prison psychologist. His status required that he be housed and given recreation separately from other inmates, especially inmates Lomax and Edmond, with whom he had had prior problems. Webb claims that on or about March 4, 2004, Defendants Rayes and McKinnon handcuffed him from behind and placed him in the recreation "cage" alone with inmates Lomax and Edmond, contrary to the Captain's written order to keep them away from him. According to Webb, the defendants removed the handcuffs from Lomax and Edmond, who then punched and stomped Webb's face and head into the cement floor in the defendants' presence. Webb could not defend himself because he was handcuffed. He alleges that he lay unconscious on the floor for an unknown period of time and then was able to maneuver himself to a standing position. He states that he was in a dazed state and that he tried to escape by ramming his shoulder into the recreation cage door, not knowing that defendants Nesbitt and Miller were in the process of opening it. The opening door hit defendants Nesbitt and Miller. Instead of being taken immediately to the hospital for treatment of his head, neck, and eye injuries, Webb was charged with "assault on staff" and placed in an isolation cell in the SHU. He was transferred to a different facility where he was disciplined. Webb claimed that his Eighth Amendment rights to adequate medical care and to be protected from assaults by other inmates were violated. He also claims Due Process and Equal Protection violations with respect to his transfer, disciplinary hearing and sanctions. He seeks damages.

Webb initially sued the defendants in their individual capacities. But he had problems effecting proper service on the named defendants from 2004 through November 2005. The original Complaint named DeRosa and Motley. In May 2005, Webb amended his Complaint adding five defendants. The Marshal's Service, however, only served DeRosa and Motley. The District Court intervened in July 2005, directing the Clerk to forward the appropriate summonses to the Marshal's Service. In November 2005, when the defendants had not been served, the District Court ordered the Assistant United States Attorney (AUSA) to provide Webb with information regarding the whereabouts of the individual defendants. In a separate order, the District Court also granted the AUSA's motion challenging Webb's service by mail of defendants DeRosa and Motley, and struck Webb's proof of service and his affidavit.[3] Apparently, service of process

---

**2.** *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**3.** We simply note here that where waivers of service of process are requested in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, the defendants arguably should accept service by mail in lieu of personal service absent good cause not to, in

was not attempted on any of the defendants after November 15, 2005.[4]

In April 2006, Webb filed a motion seeking to have his Amended and Supplemented Complaint be deemed a suit against the United States Bureau of Prisons (BOP) and asked the District Court to deem the BOP as having been properly served.[5] The defendants, in their official capacities, filed a motion to dismiss (to which Webb responded), claiming that the *Bivens* claims against the defendants in their official capacities were barred by the doctrine of sovereign immunity and that Webb failed to exhaust his administrative remedies under 42 U.S.C. § 1997e and under the Federal Tort Claims Act. In November 2006, the District Court granted Webb's motion and partially granted the defendants' motion to dismiss. The District Court dismissed with prejudice Webb's Amended Complaint against the BOP, the United States, and all named individuals in their official capacities. Although the District Court had deemed Webb's Amended Complaint as naming the defendants solely in their official capacities, the District Court denied the motion to dismiss as to all of the named defendants in their individual capacities, noting that it was not clear whether Webb had abandoned these claims or whether the defendants were properly personally served. Webb timely appealed. In December 2006, pursuant to a telephone status conference with the par-ties, the District Court entered an order dismissing the matter in its entirety with prejudice and without explanation.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[6] Our review of the order dismissing Webb's action is plenary. *See Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000); *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). Because the District Court's order did not reveal the grounds for dismissal of the defendants in their individual capacities and it appeared from the docket that the individuals had not yet been served, we directed the parties to address, among any other issues they wished to raise in their briefs, whether the District Court dismissed the Amended Complaint with prejudice for failure to effect service of process and, if so, whether the District Court erred in doing so given the documented problems with effecting service that appeared not to be attributable to Webb. The parties have responded and the matter is ripe for disposition.

With admirable forthrightness, Webb states in his Supplemental Brief that "the issue of service of process is no longer an issue in the instant case." He admits that he abandoned his *Bivens* claims against the defendants in their individual capacities and that he sought to sue "the Bureau of Prisons/United States of Amer-

---

order to avoid any possible sanctions. *See* Fed.R.Civ.P. 4(d).

4. The Appellees explain that Webb filed an appeal before the AUSA could provide Webb with information regarding the defendants' whereabouts pursuant to the District Court's order. *See* Appellate Brief at 10. Webb's appeal was from the order striking the returns of service for defendants DeRosa and Motley. Contrary to the Appellees' assertions, the pendency of the interlocutory appeal did not automatically stay the case, *see e.g.* 28 U.S.C.A. § 1292(b), and it had no effect on the standing District Court order directing the AUSA to provide certain information to Webb.

5. Webb amended his Complaint several times. We will refer to the amended and supplemented Complaint simply as the "Amended Complaint."

6. We construe Webb's "response to the LD letter," filed in this Court on December 11, 2006, as a timely filed notice of appeal from the District Court's December order.

ica and seven of the defendants in their official capacities...." According to Webb's representations, the District Court correctly deemed his Amended Complaint as having been filed against the defendants in their official capacities only. Thus, the sole issue before us is whether the District Court properly dismissed the Amended Complaint with prejudice as to the defendants in their official capacities. We conclude that the Amended Complaint was properly dismissed. An action against prison officials in their official capacities constitutes an action against the United States and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 72, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 n. 11, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir.1979). Thus, we conclude that the District Court correctly dismissed with prejudice Webb's *Bivens* claims for damages. Moreover, to the extent that Webb seeks relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, his constitutional tort claims against the United States fail as a matter of law. *See F.D.I.C.,* 510 U.S. at 477–78, 114 S.Ct. 996. State law provides the source of substantive liability under the FTCA. *Id.* at 478, 114 S.Ct. 996. Because federal law is the source of liability for the deprivation of a federal constitutional right, the United States is not liable under § 1346(b) for constitutional tort claims. *See id.* at 477–78, 114 S.Ct. 996.

We have thoroughly reviewed Webb's remaining arguments in his brief and reply and we find them to be meritless. Accordingly, we will affirm the judgment of the District Court.